In re BERT'S REFRIGERATION, INC., Debtor.

In re EAGLE BANK and TRUST COMPANY, Movant.

Bankruptcy No. 89–03520–DPM.

United States Bankruptcy Court, E.D. Missouri, E.D.

June 13, 1990.

Norman W. Pressman, St. Louis, Mo., for debtor.

Robert J. Blackwell, Trustee, Clayton, Mo.

Sharon E. Burke, St. Louis, Mo., for Eagle Bank.

Larry E. Parres, Lewis, Rice & Fingersh, St. Louis, Mo.

Steven LaBounty, Dist. Counsel, I.R.S., St. Louis, Mo.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

A. Thomas DeWoskin, St. Louis, Mo., for Bert Schonlau.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

Robert H. Brownlee, St. Louis, Mo., for Creditors' Committee.

John G. Young, Jr., Clayton, Mo., for St. Johns Bank.

Peter D. Kerth, Clayton, Mo., for Edwin Ryder.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G) and (K), which the Court may hear and determine.

### II. PROCEDURAL BACKGROUND

The Debtor, Bert's Refrigeration, Inc., filed its voluntary Chapter 11 petition on August 21, 1989. The case was converted to a Chapter 7 proceeding, but later was reconverted to a Chapter 11 reorganization. On October 20, 1989, Movant, Eagle Bank and Trust Company ("Eagle"), filed its Motion For Relief From The Automatic Stay Or In The Alternative For Adequate Protection. The Debtor filed its Answer on November 13, 1989. The Trustee, through its attorney, also filed an Answer on November 13, 1989.

A Consent Decree granting partial relief from stay was entered by the Court on November 22, 1989, and, thereafter, Eagle Bank repossessed six vehicles pledged to it as security under a Promissory Note executed by Bert's Refrigeration, Inc. on November 25, 1988. At the parties' request, the Court took the case under submission on the remaining issues. A Joint Stipulation Of Facts was filed on January 12, 1990. The Trustee and Eagle filed their respective briefs on January 22, 1990 and reply briefs were submitted simultaneously on February 2, 1990.

The Court, having examined the pleadings filed in this matter, having received and examined memoranda of law submitted by the parties in support of their respective positions, and being fully advised in the premises, makes the following Findings Of Fact and Conclusions Of Law.

### III. FACTS

The transaction which gave rise to the present controversy involved a loan from Eagle Bank and Trust Company to the Debtor, Bert's Refrigeration, Inc. Eagle loaned the Debtor $79,060.80 on November 25, 1988 and, in exchange, the Debtor executed a Promissory Note in favor of Eagle Bank and Trust Company. Paragraph 5 of the Note provides that Bert's Refrigeration, Inc. granted a security interest in five (5) trucks and one (1) van together with furniture, inventory, and accounts receivable to Eagle Bank. At the time of the closing of the Eagle loan, Bert's Refrigeration, Inc. delivered to Eagle Bank a

Sales Agreement from Mr. Ice of Illinois, Inc. evidencing the sale of six vehicles, one hundred fifty three (153) "ice merchandisers," and certain accounts receivable from Mr. Ice of Illinois, Inc. to Bert's Refrigeration, Inc. The evidence clearly indicates that Bert's Refrigeration, Inc. used the Eagle loan proceeds to finance the transaction with Mr. Ice of Illinois, Inc.

The Debtor also executed a separate Security Agreement which provides, in pertinent part, that Eagle would receive,

[an] [a]ssignment of all present and future accounts receivable, contrat [sic] rights, general intangibles and proceeds arising therefore [sic], furniture, fixtures, machinery, equipment, leasehold improvements, inventory and all additions and accessions thereto however evidenced now owned or hereafter acquired wheresoever located.
Pertaining to Mr. Ice of Illinois, Incorporated
Rout [sic] 15 East
Mt. Vernon Illinois.

In addition, the parties executed a Uniform Commercial Code Form UCC–1 Financing Statement which, in virtually every regard, reiterated the grant set out in the Security Agreement. Eagle timely filed copies of the UCC–1 Financing Statement in both Illinois and Missouri.

The issue presented to the Court is whether or not the security interest held by Eagle Bank and Trust Company extends to property of the Debtor's estate located at places other than Route 15, Mount Vernon, Illinois. The Trustee, Robert J. Blackwell, contends that the reference to Mr. Ice of Illinois, Inc. effectively limits Eagle Bank's interest to that property located at Mount Vernon, Illinois. However, Eagle Bank maintains that it has a perfected security interest in all of the ice merchandisers, inventory, accounts receivable, and other items purchased from Mr. Ice of Illinois, Inc., and now held at various locations in Illinois and Missouri by Bert's Refrigeration. Eagle asserts that the phrase "[p]ertaining to Mr. Ice of Illinois, Inc. . . . .," is merely gratuitous language intended to give a prospective creditor additional information about the nature and extent of the security interest granted.

## IV. DISCUSSION AND ANALYSIS

A. The Bankruptcy Code defines a "security interest" as a lien created by agreement. 11 U.S.C. § 101(45). The scope of the security interest created under such an agreement is governed by state law. *See, Butner v. United States,* 440 U.S. 48, 54–57, 99 S.Ct. 914, 917–19, 59 L.Ed.2d 136 (1979). Both the Missouri and Illinois Uniform Commercial Codes provide that "the effect of perfection or nonperfection of a security interest in collateral are governed by the law or jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected." Mo.Rev.Stat. § 400.9–103(1)(b); Ill. Rev.Stat., ch. 26, ¶ 9–103(1)(b). The collateral involved in this case was located in Illinois at the time Bert's Refrigeration granted the security interest; therefore, the law of the State of Illinois governs the scope of Eagle Bank's interest.

In order for a security interest to attach to collateral, there must be an agreement, value and collateral. Ill.Rev. Stat., ch. 26, ¶ 9–203(1). "Any description of collateral is sufficient, whether or not it is specific, if it reasonably identifies what is described." Ill.Rev.Stat., ch. 26, ¶ 9–110. Article 9 of the Illinois Commercial Code also provides that a security interest is perfected when a proper financing statement is filed with the Secretary of State. *See,* Ill.Rev.Stat., ch. 26, ¶¶ 9–103(3), 9–401. The Court finds that Eagle Bank fulfilled these statutory requirements and, as such, holds a perfected security interest in the collateral described in the security agreement. However, the inquiry does not end here, for an issue of fact remains regarding the extent of Eagle Bank's interest in the collateral of the Debtor.

In order to define the scope of a security agreement, a two-fold inquiry is required. First, can the written security agreement reasonably be construed to include the disputed property? Second, did the parties intend that the disputed proper-

ty should serve as collateral? *See, In re Shop–N–Go of Maine, Inc.,* 38 B.R. 731, 734 (D.Me.1984). *See, also,* James J. White and Robert S. Summers, 2 Uniform Commercial Code § 24–4 at 307 (West, 3d ed 1988). The Court finds that the security agreement can be interpreted to include all of the ice merchandisers purchased by Bert's Refrigeration from Mr. Ice of Illinois, Inc. Therefore, the question of intent becomes determinative.

■ The Trustee maintains that the language contained in the security agreement evidences the parties' intent to limit the scope of the security interest to collateral located at Mr. Ice of Illinois, Route 15, Mount Vernon, Illinois. He cites a number of cases which support the proposition that a "locator clause" should be strictly construed against the drafter of the security agreement. *See, e.g., In re Shop–N–Go, supra; Matter of California Pump & Mfg. Co., Inc.,* 588 F.2d 717 (9th Cir.1978). These cases are distinguishable because they involved specific language in security agreements which limited lenders' security interests to collateral located *at the borrowers'* places of business. Eagle Bank, on the other hand, points to the phrase immediately preceding the reference to Mr. Ice which grants a security interest in collateral "... wheresoever located"; and, contends that the disputed language is not in the nature of a locator clause, but instead, was intended to help further the inquiry of a subsequent investigator of the security interest. See generally, White & Summers, 2 Uniform Commercial Code § 24–4 at 309–310.

Certainly, the disputed language can be interpreted to mean either "with reference to the collateral located at" or "having reference to the transaction with" Mr. Ice of Illinois, Inc. But, whichever construction is adopted, it must be read in conjunction with the broad grant of security in collateral "wheresoever located." *Id.* Accordingly, the Court is called upon to determine the intent of the parties to the security agreement and, thereby, fill the interstice between "pertaining to" and "Mr.

Ice" in order to harmonize the potentially conflicting words of grant.

A complete reading of the documents submitted to the Court and an examination of the evidence contained in the Stipulation filed in the case reveals the intent of the parties to the security agreement. The Court finds that Bert's Refrigeration borrowed funds from Eagle Bank to facilitate its purchase agreement with Mr. Ice of Illinois, Inc. Eagle, while not a party to that transaction, was given a copy of the sales agreement which detailed the items to be purchased. In short, the Court finds that Eagle Bank provided Bert's Refrigeration with an enabling loan. Moreover, the Court finds that the parties sought to identify the goods purchased with the enabling loan by referring to the place where title to those goods first passed to Bert's Refrigeration. This reference was not intended to serve as a "locator clause," but was included in both the security agreement and financing statement to denote the origin of the collateral subject to Eagle Bank's security interest. The Court also notes that Eagle Bank made UCC–1 filings in both Missouri and Illinois, and concludes that the parties contemplated that the collateral would be utilized by the Debtor in both states. Therefore, the phrase "[p]ertaining to Mr. Ice of Illinois, Inc...." shall be interpreted to mean "having reference to the transaction with" Mr. Ice of Illinois, Inc. An alternative reading would negate the clear intent of the parties and defy all logic. Accordingly, the Court finds that Eagle Bank and Trust Company holds a perfected security interest in all of the collateral purchased from Mr. Ice of Illinois, Inc. by Bert's Refrigeration, Inc. with the loan proceeds identified in the Promissory Note dated November 25, 1988.

B. Eagle Bank and Trust Company has requested relief from the automatic stay in order for it to foreclose on the collateral pledged to it under the security agreement dated November 25, 1988. However, this Court requires additional information regarding, among other things, the value received by Eagle upon its previous foreclosure action, the "necessity" of the ice merchandisers to the Debtor's successful

reorganization, and the amount of equity, if any, remaining in the collateral pledged to Eagle Bank. Therefore, a supplemental hearing on these issues will be conducted by the Court on July 10, 1990 at 9:00 a.m., in Courtroom No. 2, 7th Floor, 1114 Market Street, St. Louis, Missouri. In the interim, pursuant to 11 U.S.C. § 362, the automatic stay shall remain in effect.

An Order consistent with this Memorandum Opinion will be entered this date.